Filed 6/30/21  P. v. Hawley CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B299150 |
| Plaintiff and Respondent, | (Super. Ct. No. 1507040) (Santa Barbara County) |
| v. | |
| ROBERT CHARLES HAWLEY, | |
| Defendant and Appellant. | |

Robert Charles Hawley appeals a judgment following conviction of eight counts of sexual offenses committed against multiple victims, and three misdemeanor counts of contempt of court regarding violation of a protective order.  (Pen. Code, §§ 288, subd. (a), 288.7, subd. (b), former 288a, subd. (c)(2)(A), 289, subd. (a)(1)(A), 166, subd. (c)(1)(A).)[1]  We affirm.

This appeal concerns sexual offenses committed against three victims, all Hawley's granddaughters, over a 20-year period.  Hawley now challenges the sufficiency of evidence of

---

[1] All statutory references are to the Penal Code.

duress concerning counts 4 through 6, committed against granddaughter Jane Doe 1. We reject his contention that the evidence does not demonstrate her lack of consent to the sexual offenses – forcible oral copulation (counts 4 and 6), and sexual penetration by a foreign object (count 5). (Former § 288a, subd. (c)(2)(A); § 289, subd. (a)(1)(A).)

*FACTUAL AND PROCEDURAL HISTORY*

At trial, Jane Doe 1 testified that Hawley touched her vagina, over and under her clothing, many times, commencing when she was six years old. She stated that "[i]t just happened all the time growing up." When she was 10 years old, Hawley orally copulated her. When she complained, he apologized. Hawley also masturbated in her presence.

In 2016, then 26-year-old Jane Doe 1 was homeless and moved into Hawley's apartment for five months. It was "a hard decision" but she had been homeless for two years and had no other place to live. She assumed that Hawley, then 81 years old, was "too old and . . . too tired to be such a creep." Hawley continued to orally copulate her, however; she would "freeze up" and "didn't know what to do."

Jane Doe 1 then began to consume alcohol "all day everyday." She developed an eating disorder, became anorexic and emaciated, and "couldn't move without help." Jane Doe 1 also had difficulty walking and was unable to bathe. She described Hawley as having "two personalities." He became "scary" and "completely different" when angry. During this time, a friend saw Jane Doe 1 and became concerned with her alcoholism and fragility.

On October 4, 2016, Alexandria Holmes was shopping at a Santa Barbara grocery store. She saw Hawley, "a much older

2

man," leading, almost dragging, Jane Doe 1 inside the store. Jane Doe 1 appeared to be 16 years old, had glassy eyes, and stared downward. Hawley kissed Jane Doe 1 on the lips in one of the store aisles. Holmes followed the couple as they left the store and obtained the license plate number of Hawley's vehicle. She then telephoned the police emergency dispatcher and reported the incident. The following month, Hawley was arrested and charged with multiple counts of sexual offenses committed against his three granddaughters.

In November 2016, Jane Doe 1 went through alcohol withdrawal. She was emaciated (weighing 75 pounds), disoriented, and suicidal. Jane Doe 1 was later treated at a psychiatric facility.

During a 2016 police interview, Jane Doe 1 described three recent incidents of oral copulation. Fearful of becoming homeless again, she had allowed Hawley to orally copulate her and penetrate her vagina with his fingers. Jane Doe 1 stated during the interview that she thought that "if I don't put up with this then I'm gonna be on the street again." She also stated that Hawley provided her with vodka and she then became "too drunk to . . . know what's going on." Jane Doe 1 threatened to leave, but Hawley became angry and informed her that she could not leave. She thought that Hawley believed that they "were in some sort of relationship" and proposed marriage and having children. Hawley continued to touch Jane Doe 1's vagina over her clothing through November. The prosecutor played the recorded police interview at trial.

Hawley's two other granddaughters testified at trial and described sexual offenses that he committed against them as children (count 8, Jane Doe 2; count 9, Jane Doe 3).

3

The jury convicted Hawley of nine counts of sexual offenses and found that he committed the offenses against more than one victim. (§ 667.61, subds. (b) & (e)(4).) The trial court dismissed count 3 pursuant to the statute of limitations and sentenced Hawley to 92 years to life for the remaining counts. The court imposed various fines and fees, stayed the fines and fees except for the restitution fine, and awarded Hawley 988 days of presentence custody credit.

Hawley appeals and contends that insufficient evidence supports his convictions of counts 4, 5, and 6.

## DISCUSSION

Hawley contends that insufficient evidence supports his conviction because there is no evidence that he used "force, violence, duress, menace, or fear of immediate and unlawful bodily injury" against Jane Doe 1. (Former § 288a, subd. (c)(2)(A).) He asserts that she did not outwardly display her lack of consent to his sexual acts and tolerated his acts.

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Brooks* (2017) 3 Cal.5th 1, 57.) Our review is the same in a prosecution primarily resting upon circumstantial evidence. (*People v. Rivera* (2019) 7 Cal.5th 306, 331.) We do not redetermine the weight of the evidence or the credibility of witnesses. (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact"].) We must accept logical inferences

4

that the jury might have drawn from the evidence although we may have concluded otherwise.  (*Rivera*, at p. 331.)  "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*Albillar*, at p. 60.)  In our review, we focus upon the evidence that was presented, rather than evidence that might have been but was not presented.  (*People v. Story* (2009) 45 Cal.4th 1282, 1299.)

Duress is objective in nature and not dependent on a victim's response.  (*People v. Soto* (2011) 51 Cal.4th 229, 246.)  Duress is " "a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to (1) perform an act which otherwise would not have been performed or, (2) acquiesce in an act to which one otherwise would not have submitted." ' "  (*Ibid.*, italics omitted.)  Duress is measured by "a purely objective standard."  (*Ibid.*)

Relevant factors determining the existence of duress include the age of the victim, the relationship to the defendant, relative size and age disparities, location of the molestation, position of dominance and authority of the defendant, and defendant's past exploitation of the victim.  (*People v. Cochran* (2002) 103 Cal.App.4th 8, 13-14, overruled in part on other grounds by *People v. Soto, supra,* 51 Cal.4th 229, 248, fn. 12.)  The essence of duress is psychological coercion.  (*Cochran*, at p. 15.)

Here sufficient evidence and reasonable inferences therefrom established that Jane Doe 1 acquiesced to Hawley's sexual acts in counts 4, 5, and 6, satisfying the definition of

5

duress.  Hawley began molesting Jane Doe 1 when she was six years old.  She testified that she returned to live with him when she was 26 years old because she had been homeless for two years and she thought that age had dampened his sexual desires.  More importantly, however, Jane Doe 1 stated that Hawley provided her with a fifth of vodka daily and that she was anorexic (70 pounds) and unable to physically care for herself.  She became suicidal and later was admitted to a psychiatric facility.  Jane Doe 1 also feared Hawley's anger, describing him as having two different personalities, and "scary" when he was angry.  A bystander saw Hawley "dragging" Jane Doe 1 through the grocery store; Jane Doe 1 was downcast and unresponsive to Hawley kissing her.  This evidence and reasonable inferences therefrom establish the element of duress.

<em>DISPOSITION</em>

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

6

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Janet Gusdorff, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.